# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2020

Lyle W. Cayce
Clerk

No. 19-10756

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN ERNESTO HERNANDEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-41-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Juan Ernesto Hernandez pleaded guilty to one count of conspiring to possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Because Hernandez substantially assisted the Government, the district court sentenced him to a below-guidelines sentence of 300 months in prison. Hernandez nevertheless

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10756

challenges the district court's application of sentencing enhancements under U.S.S.G. § 3B1.1(b) based on his role as a manager or supervisor in the conspiracy and U.S.S.G. § 2D1.1(b)(12) because he maintained a premises for the purpose of manufacturing, distributing, or storing a controlled substance.

Because Hernandez objected to the enhancements in the district court, we review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). Whether a defendant exercised an aggravating role and maintained a drug premises are findings of fact. *United States v. Guzman-Reyes*, 853 F.3d 260, 263, 265 (5th Cir. 2017). When making factual findings for sentencing purposes, a district court may consider any relevant information that has a "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s.; *Zuniga*, 720 F.3d at 590-91.

The § 3B1.1(b) role enhancement applies if the defendant was a manager or supervisor and "the criminal activity involved five or more participants or was otherwise extensive." § 3B1.1(b); *see United States v. Delgado*, 672 F.3d 320, 345 (5th Cir. 2012) (en banc); § 3B1.1, comment (n.2). The § 2D1.1(b)(12) enhancement applies if the defendant maintained a premises for the purpose of manufacturing, distributing, or storing controlled substances. § 2D1.1(b)(12), comment. (n.17); *see Guzman-Reyes*, 853 F.3d at 264.

Hernandez presented no evidence to rebut the factual assertions in the adopted presentence report (PSR) that he exercised control over at least one participant in the criminal activity, that he managed the property, assets, and activities of the drug trafficking organization, and that a principal purpose of his house was drug storage and distribution. In light of the unrebutted PSR,

2

No. 19-10756

the district court's application of the enhancements was not clearly erroneous. *See Guzman-Reyes*, 853 F.3d at 263-66; *Zuniga*, 720 F.3d at 590-92.

The judgment of the district court is AFFIRMED.